UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| POWER EQUIPMENT MAINTENANCE, INC., | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | Case No. CV413-055 |
| AIRCO POWER SERVICES, INC., AIRCO INDUSTRIAL SERVICES, INC., RONNIE ONOFRY and TROY BURROWS, | ) |  |
| Defendants. | ) |  |

## ORDER

Plaintiff and defendants in this case have each submitted a Fed. R. Civ. P. 26(f) report. Docs. 31 & 32. The federal and local rules, as well as the Court's initial order, require the parties to develop a proposed discovery plan and submit a *single* written report outlining the proposed plan. Fed. R. Civ. P. 26(f) (directing the parties to submit "*a* written report" outlining a proposed discovery plan) (emphasis added); L.R. 26.1(b) (same); doc. 6 (Order directing the parties to submit "a written report conforming to the language and format of the Rule 26(f) Report attached to this Order outlining their discovery plan."). The standard form for Rule 26(f) reports utilized in this district -- included as an appendix to the local rules and

attached to the General Order which the Court enters upon the filing of all civil cases -- contemplates that the parties will not always be able to agree fully as to all aspects of discovery and, where this occurs, directs the parties to set out their opposing positions in *that one document*. The purpose of the rules and this Court's standard form is to avoid the very problem the parties have created here by the filing of competing reports -- i.e., forcing the Court to read and do a page-by-page comparison of two different 26(f) reports in order to determine where there is agreement and where there are disputes among the parties. The purpose of a single written report is to avoid this burden and crystallize any disputes in one document.

Defendants assert that plaintiff jumped the gun and filed its report before the deadline, without awaiting their comments.[1] Be that as it may, plaintiffs should not have filed a unilateral Rule 26(f) report (for that is what it was, even though they called it a "joint" report). Where a party refuses to cooperate in the preparation of the report, the opposing party may advise the Court of its inability to submit a joint report because of the

---

[1] The Court notes, however, that defendants had plaintiff's draft for 10 days and that plaintiff filed its unilateral report on Friday, May 24, just before the deadline expired on Monday, May 27, 2013. Defendants' separate report was not filed until May 28, one day later.

noncooperating party, but it should not submit a unilateral report, for that defeats the purpose of the rule. This Court knows how to deal with a party who refuses to participate in the Rule 26(f) conference or assist in the preparation of a proposed discovery plan. The submission of two reports burdens the Court by forcing it to read and do a page-by-page comparison of those documents to determine where there is agreement and where there are disputes among the parties. The purpose of a single report is to avoid this burden and crystallize any disputes in one document.

When faced with multiple Rule 26(f) reports the Court's usual practice is to require the parties to file a single, consolidated report. In this instance, however, the Court has already invested its time in reviewing the two reports and has determined that the parties are largely in agreement, except as to the start date of discovery. As to that matter, defendants' motion to stay discovery pending a ruling on its motion to dismiss or transfer (doc. 30) is **DENIED**. The Court imposes the following deadlines:

| | |
|---|---|
| DATE OF COMPLAINT | 03/08/2013 |
| DATE OF RULE 26(f) CONFERENCE | 05/14/2013 |
| LAST DAY FOR FILING MOTIONS TO AMEND or ADD PARTIES | 06/14/2013 |

| | |
|---|---|
| LAST DAY TO FURNISH EXPERT WITNESS REPORT by PLAINTIFF | 08/14/2013 |
| LAST DAY TO FURNISH EXPERT WITNESS REPORT by DEFENDANT | 09/14/2013 |
| JOINT STATUS REPORT DUE | 09/06/2013 |
| CLOSE OF DISCOVERY | 10/14/2013 |
| LAST DAY FOR FILING CIVIL MOTIONS, **INCLUDING *DAUBERT* MOTIONS but EXCLUDING MOTIONS IN LIMINE** [30 DAYS AFTER CLOSE OF DISCOVERY] | 11/14/2013 |

Motions in limine shall be filed no later than 5 days prior to the pre-trial conference.

All motions, other than summary judgment motions and motions to dismiss, shall be accompanied with a proposed order.

**SO ORDERED** this 5th day of June, 2013.

/s/ JRSmith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA